IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
THE FORD PLANTATION CLUB, INC., )
and THE FORD PLANTATION )
ASSOCIATION, INC., )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV417-023
 )
MICHAEL MCKAY, Individually and )
as Trustee of the TARA HILL I )
REVOCABLE TRUST, )
 )
    Defendants. )

## O R D E R

Before the Court is Defendants' Notice of Dismissal of Counterclaims. (Doc. 38.) In their notice, Defendants seek to dismiss counterclaims 1, 2, and 3 as set forth in Defendants' Answer to Plaintiffs' Amended Complaint. (Doc. 38 at 1.) Defendants have asserted multiple counterclaims in their answer, including a counterclaim for deceit (titled "Count One"), a counterclaim for breach of contract (titled "Count Two"), a counterclaim for declaratory judgment seeking a declaration that "the purported membership obligation is and has been unenforceable" (titled "Count Three"), another counterclaim for declaratory judgment seeking a declaration that "a Club member has and always has had the right to resign his or her membership in The Club at any time" (also titled "Count Three"), and a counterclaim for breach of contract and bad faith (titled "Count Four"). (Doc. 30 at 5-20.) From Defendants'

Motion to Dismiss Counterclaim, the Court is not able to discern which Count 3 the Defendants wish to dismiss or whether the Defendants are seeking dismissal on both counterclaims titled "Count Three."

Defendants do not cite to any authority in its Notice of Dismissal as the basis for dismissal. Because only the Defendants have signed the notice of dismissal, however, the Court presumes the Defendants proceed under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and 41(c), which permits voluntary dismissal by the counter-plaintiff "before a responsive pleading is served; or if there is no responsive pleading, before evidence is introduced at a hearing or trial." The Court finds the notice of dismissal insufficient as Defendants seek to dismiss only some of the counterclaims. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."). Plaintiffs that want to dismiss certain claims within a multi-claim action "should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)."[1] Id. at 1106 (internal quotations and citation omitted); see also Peacock v. Bank of Am. Corp., No. 7:10-CV-00011 HL, 2011 WL

---

[1] Rule 41 also applies to the dismissal of any "counterclaim, crossclaim, or third-party claim." Fed. R. Civ. Pro. 41(c).

976409, at *1 (M.D. Ga. Mar. 15, 2011) (quoting Klay, 376 F.3d at 1106).

In this action, Defendants appear to seek dismissal on at least three of their counterclaims, while leaving at least one counterclaim.[2] Fed. R. Civ. P. 41 is not the appropriate vehicle for dismissing some of the counterclaims, but not all. Further, even if Defendants were to dismiss all of their counterclaims, the Court finds that voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Civ. P. 41(c) inapplicable because Plaintiff has filed an answer to Defendants' counterclaims. (Doc. 33.) Accordingly, for the reasons set forth in this Order, Defendants' notice of dismissal is insufficient and these claims are not dismissed from this action. Defendants are free to seek amendment through compliance with Fed. R. Civ. P. 15(a).

SO ORDERED this 11th day of December 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] As stated above, the Court is not able to discern which Count Three Defendants wish to dismiss or whether Defendants are seeking dismissal on both counterclaims titled "Count Three." Regardless, Count Four, a counterclaim for breach of contract and bad faith, remains.