IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE FORD PLANTATION CLUB, INC. )
and THE FORD PLANTATION )
ASSOCIATION, INC., )
 )
    Plaintiffs and Counter- )
    Defendants, )
 )
v. )    CASE NO. CV417-023
 )
MICHAEL MCKAY, Individually and )
as Trustee of the TARA HILL I )
REVOCABLE TRUST, )
 )
    Defendants and Counter- )
    Claimants. )
 )

### O R D E R

Before the Court is Defendants' Motion for Reconsideration. (Doc. 49.) After carefully reviewing Defendants' motion and the record in this case, the Court can find no reason to disturb its prior order. Accordingly, Defendants' motion is **DENIED**.

In their motion, Defendants request that this Court reconsider its order granting summary judgment to Plaintiffs (Doc. 46) on the grounds that Defendants "were unaware of the Court's Order of January 11, 2019 (Document 41) or the pending motions for summary judgment (Documents 42 and 43)." (Doc. 49 at 1.) Defendants contend that they did not receive e-mail notification of these filings. (Id.)

Pursuant to Federal Rule of Civil Procedure 60(b), this Court may relieve a party from a final judgment or order for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Defendants argue that reconsideration should be granted under Federal Rule of Civil Procedure 60(b)(1) or (6) because the electronic filing and notification system ("ECF") did not provide notice to Defendants of the pending motions. (Doc. 49 at 3.) Plaintiffs oppose reconsideration and argue that the pleadings were served in accordance with the law through the ECF system, that Defendants' alleged failure to receive notice does not rise to the standard required in Federal Rule of Civil Procedure 60, and that Defendants' failure to check the docket for nearly a year is not justified and excusable. (Doc. 51 at 1-3.)

The Court finds reconsideration unwarranted in this case. "Excusable neglect under Rule 60(b)(1) is an equitable inquiry turning on 'all relevant circumstances,' and the pertinent factors include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Grant v. Pottinger-Gibson, 725 F. App'x 772, 775 (11th Cir. 2018) (quoting Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996)).

As to the first factor, reconsideration of the order granting summary judgment to Plaintiffs would prejudice Plaintiffs. Plaintiffs filed the motions for summary judgment on March 4, 2019. (Doc. 42; Doc. 43). This Court did not enter an order on those motions until December 3, 2019, nearly nine months later. As to the length of the delay and its potential impact on judicial proceedings, this action has been pending since 2017 and the motions for summary judgment were pending for nearly nine months. Granting the order for reconsideration would further delay the final resolution of this action significantly.

In explanation of the delay, Defendants claim that they did not receive any ECF notification of the filings. (Doc. 49 at 3.) The ECF filing records show that notice was electronically sent to: jbarrow@barrowandballew.com, brandie@barrowandballew.com,

3

and cindy@barrowandballew.com for Documents 41, 42, and 43. This Court's review of the docket shows that e-mail notifications were successfully delivered to these e-mail addresses. Additionally, Plaintiffs have stated in their response brief that they received all ECF notifications of these documents to the e-mail addresses they have listed for service. (Doc. 51 at 2.) Thus, other than attaching a copy of Defendants' electronic reading file for this case, Defendants' have not substantiated their assertions that they did not receive the ECF notifications. Moreover, Defendants acknowledge that they have received ECF notifications for other filings in this action and have not provided any explanation for why these handful of filing notifications were not received when the other filings notifications were otherwise received. Thus, the Court does not find Defendants' explanation for the delay sufficient to grant reconsideration.

Finally, as noted by Plaintiffs, this Court did not grant summary judgment to Plaintiffs by default but engaged in a merits analysis. Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Again, as explained by the Supreme Court of the United States:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). This Court considered the materials submitted by Plaintiffs, and all evidence on file, in reaching its decision. In their motion for reconsideration, Defendants have not identified what they believe are genuine issues of material fact that render summary judgment inappropriate. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (requiring the showing of a meritorious defense in addition to showing excusable neglect). Accordingly, Defendants' Motion for Reconsideration (Doc. 49) is **DENIED**.

SO ORDERED this 20th day of December 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA